Mr. Bill J. Ford, Bank Commissioner Arkansas State Bank Department 323 Center Street, Suite 500 Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on whether the "Small Business Credit and Business Opportunity Enhancement Act of 1992" (P.L. 102-366), passed September 4, 1992, preempts Arkansas state interest rate limitations on loans made by Arkansas state banks with Small Business Administration ("SBA") guarantees. You also inquire as to whether such preemption, if applicable, includes the entire loan or just the portion guaranteed by the SBA.
It is my opinion that the new federal act to which you refer does indeed preempt Arkansas usury limits and applies to the entire loan amount which is used in calculating the percentage guaranteed by the SBA.
The relevant subtitle of the act to which you refer is "Subtitle A" entitled the "Small Business Credit Crunch Relief Act of 1992." The relevant section is Section 104 entitled "State Limitations on Interest Rates." This section amends15 U.S.C. § 636(a)(4). That provision, which governs SBA loans to small businesses, formerly provided that the interest rates on such loans shall "be legal and reasonable but shall not exceed a rate prescribed by the Administration. . . ." The new act of 1992 amends § 636(a)(4) to state that "[n]otwithstanding the provision of the constitution of any State or the laws of any State limiting the rate or amount of interest which may be charged, taken, received, or reserved, the maximum legal rate of interest on any financing made on a deferred basis pursuant to this subsection shall not exceed a rate prescribed by the Administration. . . ." Section 636(a) of 15 U.S.C. makes it clear that the term "deferred," as used in the sentence above, refers to guaranteed loans.
It is therefore my opinion that clearly, the language above was intended to preempt state usury limits on SBA guaranteed loans made by state banks.
In response to your second question, it is my opinion, although the question is not expressly addressed in the new act, that the federal preemption applies to the entire loan amount on which the guaranteed portion is calculated. The new act preempts rates on "any financing made on a deferred basis pursuant to this subsection." [Emphasis added.] At first blush, it appears that the section preempts only the portion of the loan which is guaranteed, as only it would be "financing made on a [guaranteed] basis." Upon a closer inspection of the subsection which is being amended, however, it is clear that the specific term "financing," as used in 15 U.S.C. § 636, refers to the entire loan amount.See 15 U.S.C. § 636(a)(2)(A) and (B). It is this entire loan amount or "financing," as it is referred to, upon which the SBA is to calculate the percentage it will guarantee.
It is therefore my opinion that the federal preemption on loans made pursuant to Section 104 of the new act applies to the entire loan amount on which the SBA percentage is based.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh